```
NEW YORK STATE SUPREME COURT            New York County
NEW YORK COUNTY - IAS PART              Index No:
------------------------------------x
TARIK FELLAH,                           : Filed: May 26, 2020
                    Plaintiff,          :
                                        :
        -against-                       : SUMMONS
                                        :
CITY UNIVERSITY OF NEW YORK ("CUNY");   :
HUNTER COLLEGE; JENNIFER RAAB, Hunter   : Venue is set in New
College President; JOESEPH FOELSCH,     : York County pursuant to
Hunter College Public Safety Director;  : CPLR §503[a] and CPLR
and RICHARD LYONS, CUNY Peace Officer   : §505[a]
Lieutenant,                             :
                    Defendants.         :
------------------------------------x
```

TO THE ABOVE NAMED DEFENDANTS:

    You are hereby summoned and required to serve upon Plaintiff's attorney an answer to the complaint in this action within twenty (20) days after service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the state of New York. If you fail to answer, judgment will be taken against you by default for the relief demanded by the complaint.

    Venue is set in New York County pursuant to CPLR §503[a] and CPLR §505[a] because all the acts set forth in Plaintiff's Complaint occurred in New York County and Defendants City University of New York and Hunter College are state agencies with their principal offices in New York County.


Dated:  New York, New York
        May 26, 2020

                        Yours, etc.,

                        RONALD B. McGUIRE
                        119 West 23rd Street - Suite 900
                        New York, New York 10011-6342
                        (201) 795-0342
                        mcguire.legal@gmail.com

                        ATTORNEY FOR PLAINTIFF

```
NEW YORK STATE SUPREME COURT              New York County
NEW YORK COUNTY - IAS PART                 Index No:
------------------------------------------x
TARIK FELLAH,                              :
                    Plaintiff,             :
                                           :
         -against-                         :
                                           : VERIFIED COMPLAINT
CITY UNIVERSITY OF NEW YORK ("CUNY");      :
HUNTER COLLEGE; JENNIFER RAAB, Hunter      :
College President; JOESEPH FOELSCH,        :
Hunter College Public Safety Director;     : Date Filed:
and RICHARD LYONS, CUNY Peace Officer      : May 26, 2020
Lieutenant,                                :
                    Defendants.            :
------------------------------------------x
```

## PRELIMINARY STATEMENT

1. This is an action arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.; the Civil Rights Act of 1871, 42 U.S.C. §1981 and 42 U.S.C §1983; and the New York State Human Rights Law, N.Y.S. Executive Law, §290 et seq., seeking to redress employment discrimination against Plaintiff in his employment by Defendants on the basis of Plaintiff's Muslim religion, his Moroccan national origin, his Arab race and ancestry and his status as an immigrant.

2. Defendants deliberately and indifferently ignored complaints made by Plaintiff and other workers of religious, racial and anti-immigrant harassment and threats of violence at the work place against Plaintiff and other non-Caucasian workers. As a result of Defendants' reckless indifference to the dangers and damages inflicted on Plaintiff, Defendants caused Plaintiff to be subjected to a hostile work environment for three years. As a result of Defendants' acts and omissions Plaintiff was the victim of an unprovoked racist, anti-immigrant and anti-Muslim

assault that left Plaintiff seriously injured and disabled.

3. Plaintiff was viciously assaulted by a racist Caucasian co-worker who repeatedly struck Plaintiff on the head with a shovel. Prior to the assault Defendants ignored complaints by Plaintiff and other non-Caucasian co-workers who informed Defendants of the violent and threatening behavior by the Caucasian co-worker who assaulted Plaintiff.

## JURISDICTION AND VENUE

4. This Court has general jurisdiction over this action, including Plaintiff's Federal claims, pursuant to Articled VI, §7(a) of the New York State Constitution and Judiciary Law §140-a. The United States Supreme Court held "Federal law is enforceable in state courts . . . because the Constitution and laws passed pursuant to it are as much laws in the States as laws passed by the state legislature. The Supremacy Clause makes those laws 'the supreme Law of the Land,' and charges state courts with a coordinate responsibility to enforce that law according to their regular modes of procedure." Howlett v Rose, 496 U.S. 356, 367 (1990).

5. Plaintiff's injuries and disabilities resulting from Defendants' violations of state and federal law are greatly in excess of $25,000.00 and therefore beyond the jurisdiction of the New York City Civil Court as set forth in the New York City Civil Court Act §202.

6. Plaintiff received a Right to Sue from the United States Equal Employment Opportunity Commission with a cover

2

letter dated March 4, 2020 on or after that date. This lawsuit is commenced within 90 days of receipt of the aforementioned Right to Sue letter.

7. Pursuant to CPLR §503[a] and CPLR §505[a] venue is set in New York County because all the Defendants are located in New York County and all the actions complained of herein occurred in New York County.

**PARTIES**

8. Plaintiff TARIK FELLAH is a resident of New York State who was born in Morocco and practices the Muslim faith. Plaintiff was employed by the City University of New York ("CUNY") as a Campus Security Assistant ("CSA") assigned to the Department of Public Safety at Hunter College for six years prior to the assault that left him injured and disabled on February 27, 2019.

9. Defendant CITY UNIVERSITY OF NEW YORK ("CUNY") is a pubic authority organized pursuant to New York State Education Law §§6201, et seq., that operates colleges, graduate schools and other higher education programs within the city of New York. CUNY has over 40,000 employees, including Plaintiff, who was employed as a campus security assistant ("CSA").

10. Defendant HUNTER COLLEGE is a college operated by CUNY. HUNTER COLLEGE HAS OVER 3,500 EMPLOYEES, including Plaintiff.

11. Defendant JENNIFER RAAB is the President of Hunter College and has held that position at all times relevant to this Complaint. As President and Chief Executive Officer of Hunter College Defendant Raab failed to maintain a work place free of

3

discrimination, harassment and violence despite complaints by Plaintiff and others and Raab failed to establish or enforce procedures, or to provide adequate supervision and training, to insure that workers like Plaintiff were protected from racist, religious and anti-immigrant bias, harassment and violence. Defendant Raab is sued in her personal and official capacities.

12. Defendant JOSEPH FOELSCH is the Director of Public Safety for Hunter College and has held that position at all times relevant to this Complaint. Defendant Foelsch failed to maintain a work environment free of discrimination, harassment and violence despite complaints by Plaintiff and others and failed to establish or enforce procedures, or to provide adequate supervision and training, to insure that workers like Plaintiff were protected from racist, religious, ethnic and anti-immigrant bias, harassment and violence. Defendant Foelsch is sued in his personal and official capacities.

13. Defendant CPO Lieutenant Richard Lyons was one of Plaintiff's senior supervisors and held that position at all times relevant to this complaint. Defendant Lyons failed to maintain a work environment free of discrimination, harassment and violence despite complaints by Plaintiff and others and failed to insure that workers like Plaintiff were protected from racist, religious and anti-immigrant bias, harassment and violence. Defendant Lyons is sued in his personal and official capacities.

## THE FACTS

14. Plaintiff was employed by the City University of New York ("CUNY") as a campus security assistant ("CSA") for the Department of Public Safety at Hunter College for approximately six years until Plaintiff suffered serious injuries as a result of an unprovoked racist assault by a co-worker, DANIEL CREGAN ("Cregan") on February 27, 2019 at the Voorhees Building, a facility operated by Hunter College at 450 West 41st Street in the county, city and state of New York (the "Assault"). Plaintiff has been unable to return to work due to injuries sustained in the attack by Cregan, who was arrested by members of the New York City Police Department when they responded to the assault. Cregan was named in New York County indictment 848\2019 and charged with assault in the second degree (P.L. 120.05(2)) and criminal possession of a weapon in the third degree (P.L. 265.02(1)). Cregan's trial on those charges has been adjourned during the COVID 19 related closures of the New York State courts.

15. Plaintiff is a member of the Arab ethnic group who practices the Muslim faith who was born in Morocco and emigrated to the United States.

16. Cregan is Caucasian. Before Cregan was terminated following his arrest on February 27, 2019, Cregan worked as an engineer at the Voorhees building where Plaintiff was stationed.

17. For three years while Plaintiff worked with Cregan Plaintiff was deliberately subjected to a hostile work environment because CUNY and Hunter College and their supervisors

5

and agents ignored complaints by Plaintiff and other employees of Cregan's violent threats against Plaintiff and other non-Caucasian and immigrant employees.

18. For approximately three years Plaintiff worked as a security guard at the Voorhees Building. During that entire time Cregan worked as a facilities maintenance engineer also assigned to the Voorhees Building.

19. The Voorhees Building is a little used annex located several miles away from the main Hunter College campus. When Plaintiff began working at the Voorhees Building the only people present in the building during the 6 AM to 2:30 PM shift were Cregan, Plaintiff and a CUNY Peace Officer ("CPO"). Pursuant to New York Education Law §6206[6] and New York Criminal Procedure Law ("CPL") §2.10[79] CUNY Peace Officers are law enforcement officers who have the power to make arrests and to use force to enforce the law.

20. Cregan repeatedly harassed, threatened and intimidated non-Caucasian co-workers, including Plaintiff. In one incident several years before the Assault Cregan purchased a pizza that he offered to share with Plaintiff. Plaintiff asked Cregan what the topping was and Cregan said it was beef pepperoni. Cregan knew that Plaintiff is a Muslim who cannot eat pork. The pizza topping actually contained pork. After Plaintiff ate some of the pizza Cregan laughed and said (paraphrasing) "I got you to eat pork! I told you pork is good. Don't worry about your religion."

21. In another incident Cregan taunted Plaintiff saying

(paraphrasing): "The Muslims are all terrorists!" Plaintiff tried to ignore his taunting but Cregan wouldn't stop and asked "why do Muslims like to do terrorist activity?" When Plaintiff said he disagreed, Cregan said Muslims are the only ones who blow places up.

22. In 2017 CPO Falade was assigned to work the shift with Cregan and Plaintiff. CPO Falade is an immigrant from Nigeria who is Black. CPO Falade became another target for Cregan's racist abuse. On July 6, 2017, several minutes before the end of their shift, CPO Falade and Plaintiff started their personal cars parked in the loading dock so they would be ready to leave at 2:30 PM when their shifts ended. This was standard procedure. Cregan became enraged and took the key out of CPO Falade's car. Cregan then confronted CPO Falade screaming at him, calling him a "stupid fuck" and advancing to where he was directly in front of CPO Falade, with his hands up and waving his finger in CPO Falade's face in a threatening manner.

23. Although CPO Falade was an armed peace officer, Falade tried to avoid a confrontation with Cregan, who was enraged and physically threatening him. CPO Falade asked Cregan to stand back and said that if Cregan had a problem he should speak to CPO Falade's supervisor, Defendant CPO Lieutenant Richard Lyons, who is also Black.

24. Cregan said that he didn't "give a fuck about Lieutenant Lyons." Cregan then screamed that he (Cregan) was the boss of security at the Voorhees Building because he made more

7

money than Lieutenant Lyons or even the Public Safety Director himself. Cregan screamed that from now on CPO Falade needed to get Cregan's permission to do anything at the Voorhees Building.

25. Plaintiff heard Cregan screaming and feared that Cregan might assault CPO Falade. Plaintiff ran to the lobby where Cregan was berating CPO Falade. Cregan then started advancing on Plaintiff in a threatening manner screaming words to the effect: "You dumb fucks! You stupid assholes!" CPO Falade, Cregan and Plaintiff then all prepared to clock out when Cregan started screaming and cursing at Plaintiff and pointing his finger in Plaintiff's face saying (paraphrasing) "why are you dumb and stupid you fucking dumb ass! Fuck you guys! Stupid Assholes!" As Cregan entered his car he screamed at CPO Falade and Plaintiff "watch what's going to happen to you assholes!" Plaintiff understood that statement to be a threat of physical violence.

26. After Cregan left Plaintiff and CPO Felade called their supervisors, CPO Sergeant Michelle Miller and CPO Sergeant Guzman (first name not known), to report Cregan's abuse and threats. Sergeant Miller said she did not know what to do and shortly thereafter called Plaintiff and Felade back and advised them to each send a written report of the incident to Defendant Foelsch. Other than advising Plaintiff and Falade to make written reports of Cregan's abuse and threats, Miller and Guzman took no other action to protect Plaintiff from further harassment, threats or violence.

27. On July 7, 2017, at 8:39 AM, Plaintiff sent an email to

8

Defendant Foelsch, Defendant CPO Lieutenant Lyons and CPO Sergeant Romane Pierre, another Public Safety supervisor at Hunter College. Plaintiff's email described the incident the day before where Cregan abused and threatened Plaintiff and CPO Falade. On information and belief CPO Falade made a written report to Defendants on the same day.

28. In response to the complaints by Plaintiff and Falade, the Department of Public Safety reassigned CPO Falade to a later shift leaving Plaintiff alone with Cregan during the 6 AM to 2:30 PM shift. Shortly after his transfer to the later shift CPO Falade was transferred out of the Voorhees Building and not replaced. Defendants took no action against Cregan.

29. Despite the complaints, Defendants took no action to protect Plaintiff from further harassment, abuse or violence by Cregan. Defendants did not discharge, discipline or counsel Cregan in response to his violent and abusive behavior. After CPO Falade's transfer in 2018 there was no peace officer stationed in the Voorhees Building and Plaintiff worked alone with Cregan during their shift until February 27, 2019, when Cregan viciously assaulted Plaintiff.

30. Defendants knew that Cregan was Caucasian and that the targets of Cregan's threats were immigrants of Black and Arab ancestry who had been singled out by Cregan for abuse and threats. Defendants knew that Plaintiff is a Muslim, an Arab, and an immigrant from Morocco.

31. By changing CPO Falade's work assignment to remove CPO

Falade from contact with Cregan Defendants evinced an appreciation of the seriousness of Cregan's threats against Falade and the Plaintiff.

32. By leaving Plaintiff alone in a work place with Cregan, Defendants knowingly, recklessly and callously exposed Plaintiff to a hostile work environment where Plaintiff was subject to racist, ani-Muslim, anti-Arab and anti-immigrant harassment and violence.

33. On information and belief Defendants received prior complaints about Cregan's violent, racist, bigoted and anti-immigrant behavior. As a result of these prior incidents Cregan, who had previously worked on the main campus of Hunter College and at Hunter college's School of Social Work, was transferred to the isolated location at the Voorhees Building. Despite the complaints by Plaintiff, Falade and others, Defendants took no action to discipline or train Cregan or to protect Plaintiff from harassments, threats and violence.

34. On February 27, 2019 Plaintiff arrived for work a few minutes after the beginning of the shift at 6 AM. At the beginning of the shift it was standard procedure for Cregan to move the Hunter College van out of the driveway so Plaintiff could park his personal car in the loading dock. When Plaintiff got out of his car Cregan started screaming that Cregan was tired of Plaintiff always coming to work late. Plaintiff replied that Plaintiff was not late. Cregan insisted that Plaintiff was late and screamed words to the effect "we need to end this now!"

Cregan then advanced on Plaintiff screaming and poked Plaintiff in the chest. Plaintiff said words to the effect of "don't touch me." Cregan then screamed at Plaintiff again and punched Plaintiff several times, knocking Plaintiff to the ground.

35. Plaintiff was helplessly lying on his back on the ground when Cregan seized a metal shovel and hit Plaintiff in the head knocking Plaintiff unconscious. Cregan continued to viciously strike Plaintiff on the head with the shovel while Plaintiff was unconscious.

36. CSA Christopher Scott Hiller, whose shift was ending, witnessed the attack. Cregan, who was enraged, refused Hiller's order to cease hitting Plaintiff with the shovel and Cregan attempted to leave the scene but was arrested by New York City police officers who responded to an emergency call reporting the assault on Plaintiff.

37. Plaintiff was taken unconscious to the emergency room at Bellevue Hospital by ambulance where he was treated for injuries to his head, neck, mid and lower back, spine, left shoulder and left hip. Plaintiff still suffers from severe pain and has limited mobility. Plaintiff has been unable to return to work since the February 27, 2019 Assault. Plaintiff continues to receive physical therapy and medication due to his injuries.

38. Plaintiff continues to experience disabling headaches after the February 27, 2019 assault. Plaintiff continues to experience anxiety and insecurity following the February 27, 2019 Assault and fears for his safety. Plaintiff is still experiencing

11

physical and emotional pain and suffering as a result of Cregan's assault and threats.

### **DEFENDANTS DELIBERATELY EXPOSED PLAINTIFF TO A HOSTILE WORK ENVIRONMENT.**

39. Plaintiff's injuries resulted from a hostile work environment Plaintiff was subjected to after CUNY, Hunter College and their agents refused to act on complaints apprising Defendants of violent threats and harassment by Cregan against Plaintiff and other non-Caucasian and immigrant co-workers.

40. CUNY, Hunter College and their agents took no action to protect Plaintiff despite knowing that Cregan was a Caucasian man who had been reported making violent threats against non-Caucasian, and immigrant co-workers and had harassed co-workers based on their religious beliefs and practices.

41. Defendants implicitly acknowledged the hostile work environment Plaintiff was subjected to at the Voorhees Building when they acted to remove CPO Falade from further contact with Cregan.

42. Despite receiving multiple complaints of Cregan's violent behavior and threats directed against Plaintiff and other non-Caucasian co-workers, Defendants took no action whatsoever to protect Plaintiff, to discipline or counsel Cregan, to separate Plaintiff from Cregan or to prevent Cregan from eventually and predictably acting to fulfill his violent threats against Plaintiff.

43. Defendants thereby forced Plaintiff as a condition of

12

his employment to subject himself to a hostile and threatening work environment.

### FIRST CAUSE OF ACTION
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 RELIGIOUS DISCRIMINATION, RACIAL DISCRIMINATION, NATIONAL ANCESTRY DISCRIMINATION AND ANTI-IMMIGRANT DISCRIMINATION BY SUBJECTING PLAINTIFF TO A HOSTILE WORK ENVIRONMENT.

44. Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth herein.

45. By taking no action to protect Plaintiff from religious, racial, national ancestry and anti-immigrant harassment and violence by Cregan each and every one of the Defendants deliberately, recklessly and negligently maintained and subjected Plaintiff to a hostile work environment where Plaintiff endured abuse, harassment and humiliation because of Plaintiff's Muslim faith, his origin as a Moroccan, his status as an immigrant and his Arab ethnicity. Ultimately Plaintiff became the victim of a predictable vicious racist assault at a hostile work place that left Plaintiff disabled and unable to return to work.

46. As a result of Defendants' actions Plaintiff was assaulted, physically injured and disabled. Plaintiff also suffered physical pain and severe emotional distress and psychological harm as a result of the racist assault by Cregan.

47. Plaintiffs' injuries as a result of Defendants' acts, practices, policies and omissions include serious physical injury, physical disability, physical and psychological pain and

13

suffering and inability to work and, loss of past and future compensation.

48. By reason of the foregoing, each and every one of the Defendants deliberately, recklessly and negligently subjected Plaintiff to a hostile work environment thereby causing Plaintiff to suffer harassment, humiliation and physical and emotional injuries resulting from a racist anti-Muslim and anti-immigrant assault based on Plaintiff's religion, national origin, Arab ancestry and immigrant status.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE CIVIL RIGHTS ACT OF 1871**
**42 U.S.C. SECTIONS 1981 & 1983**
**DISCRIMINATION BASED ON RACE, ANCESTRY AND NATIONAL ORIGIN BY SUBJECTING PLAINTIFF TO A HOSTILE WORK ENVIRONMENT.**

49. Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth herein.

50. By reason of the foregoing, each and every one of the Defendants deliberately, recklessly and negligently subjected Plaintiff to a hostile work environment thereby causing Plaintiff to suffer harassment, humiliation and physical and emotional injuries resulting from a racist anti-immigrant assault based on Plaintiff's Arab ethnicity, his Moroccan national origin and his status as an immigrant.

14

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW
### NEW YORK EXECUTIVE LAW §296
### DISCRIMINATION BASED ON RACE, RELIGION, ANCESTRY AND NATIONAL ORIGIN BY SUBJECTING PLAINTIFF TO A HOSTILE WORK ENVIRONMENT.

51. Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth herein.

52. By reason of the foregoing, each and every one of the Defendants deliberately, recklessly and negligently subjected Plaintiff to a hostile work environment thereby causing Plaintiff to suffer harassment, humiliation and physical and emotional injuries resulting from a racist anti-Muslim and anti-immigrant assault based on Plaintiff's Muslim religion, his Arab ethnicity and as an immigrant from Morocco.

### FOURTH CAUSE OF ACTION
### FAILURE TO PROMULGATE, IMPLEMENT OR ENFORCE ANTI-BIAS LAWS AND POLICIES
### IN VIOLATION OF 42 U.S.C. §1981, 42 U.S.C. §1983, 42 U.S.C. §2000e, et seq., and NEW YORK EXECUTIVE LAW §290, et seq.

53. Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth herein.

54. Defendants City University of New York ("CUNY"), Hunter College, Hunter College President Jennifer Raab and Hunter College Security Director Joseph Foelsch each had a duty to promulgate, implement and enforce policies to protect employees like Plaintiff from harassment, humiliation, discrimination and physical or emotional abuse based on the employee's religion, race, ethnicity, national origin or immigrant status.

15

55. As a result of the failure of Defendants CUNY, Hunter College, Jennifer Raab and Joseph Foelsch to promulgate, implement or enforce policies and procedures to protect employees like Plaintiff from harassment, humiliation, discrimination and physical or emotional abuse based on the employee's religion, race, ethnicity, national origin or immigrant status, Plaintiff was injured and disabled in a racist, anti-Muslim, anti-Arab and anti-immigrant attack in violation of 42 U.S.C. §1981, 42 U.S.C. §1983, 42 U.S.C. §2000e, et seq., and New York Executive Law §290, et seq.

### FIFTH CAUSE OF ACTION
**FAILURE TO SUPERVISE AND TRAIN SUBORDINATES TO ENFORCE ANTI-BIAS POLICIES AND LAWS IN VIOLATION OF 42 U.S.C. §1981, 42 U.S.C. §1983, 42 U.S.C. §2000e, et seq., and NEW YORK EXECUTIVE LAW §290, et seq.**

56. Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth herein.

57. Defendants CUNY, Hunter College, Jennifer Raab and Joseph Foelsch had a duty to supervise and train employees under their supervision and control to implement and enforce anti-discrimination, and anti-bias and anti-violence policies, laws and regulations designed to protect employees like Plaintiff from harassment, humiliation, discrimination and physical or emotional abuse based on the employee's religion, race, ethnicity, national origin or immigrant status.

58. As a result of the failure of Defendants CUNY, Hunter College, Jennifer Raab and Joseph Foelsch to properly supervise

16

and train their subordinates to fulfill their legal duties to insure a bias-free, harassment-free and violence-free work place, Plaintiff was injured and disabled in a racist, anti-Muslim, anti-Arab and anti-immigrant attack in violation of 42 U.S.C. §1981, 42 U.S.C. §1983, 42 U.S.C. §2000e, et seq., and New York Executive Law §290, et seq.

## CONCLUSION

WHEREFORE, Plaintiff respectfully asks the Court to:

(i) Declare, adjudge and decree that Defendants deliberately and/or recklessly subjected Plaintiff to a hostile work environment where Plaintiff was harassed, humiliated, assaulted and injured based on Plaintiff's Muslim faith, his Arab ethnicity and ancestry, his Moroccan origin and his status as an immigrant, in violation of 42 U.S.C. §2000e, et seq., and

(ii) Declare, adjudge and decree that Defendants deliberately and/or recklessly subjected Plaintiff to a hostile work environment where Plaintiff was harassed, humiliated, assaulted and injured based on Plaintiff's Arab ethnicity and ancestry, his Moroccan origin and his status as an immigrant, in violation of 42 U.S.C. §1981 and 42 U.S.C. §1983, et seq., and

(iii) Declare, adjudge and decree that Defendants deliberately and/or recklessly subjected Plaintiff to a hostile work environment where Plaintiff was harassed, humiliated,

17

assaulted and injured based on Plaintiff's Muslim faith, his Arab ethnicity and ancestry, his Moroccan origin and his status as an immigrant, in violation New York State Executive Law §290, <u>et seq</u>., and,

(iv) Order Defendants to restore Plaintiff to his position with back pay and retroactive benefits and,

(v) Enjoin Defendants from failing to protect Plaintiff from harassment, threats and violence at Plaintiff's work place and,

(vi) Award Plaintiff damages for his lost earnings and,

(vii) Award Plaintiff compensatory damages for his injuries, including physical and emotional pain and suffering and medical costs and,

(viii) Award Plaintiff punitive damages and,

(ix) Award Plaintiff attorney fees and costs and,

(x) Grant Plaintiff any further relief deemed necessary in the interest of justice.

Dated:  New York, New York
        May 26, 2020

                                    YOURS, ETC.

                                    RONALD B. McGUIRE
                                    119 West 23rd Street - Suite 900
                                    New York, N.Y.10011-6342
                                    201-795-0342
                                    mcguire.legal@gmail.com
                                    Attorney for Plaintiff

```
NEW YORK STATE SUPREME COURT            Bronx County
NEW YORK COUNTY - IAS PART              Index No:
----------------------------------------x
TARIK FELLAH,                           :
                    Plaintiff,          :
                                        :
        -against-                       :
                                        : **ATTORNEY VERIFICATION**
CITY UNIVERSITY OF NEW YORK ("CUNY");   :
HUNTER COLLEGE; JENNIFER RAAB, Hunter   :
College President; JOESEPH FOELSCH,     :
Hunter College Public Safety Director;  :
and RICHARD LYONS, CUNY Peace Officer   :
Lieutenant,                             :
                    Defendants.         :
----------------------------------------x
```

RONALD B. McGUIRE, of 119 West 23rd Street, Suite 900, New York, New York 10011-6342, an attorney duly licensed to practice law in the courts of the state of New York, affirms as follows under penalty of perjury:

I am the attorney for Tarik Fellah, the Plaintiff in this lawsuit. Upon information and belief, based upon my review of documents and evidence pertaining to this case and my discussions with the Plaintiff, I believe that the facts set forth in the Verified Complaint dated May 26, 2020 are true. I make this Verification pursuant to CPLR §3020[d][3] because the Petitioner is a natural person who resides in a county other than the county where I have my office and is not present in the county where I have my office.

Dated: New York, New York
       May 26, 2020

*[signature: Ronald B. McGuire]*

RONALD B. McGUIRE
119 West 23rd Street - Suite 900
New York, New York 10011-6342
(201) 795-0342
mcguire.legal@gmail.com

ATTORNEY FOR PLAINTIFF