UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
                                               :

TARIK FELLAH,                             :
                                               :

                         Plaintiff,         :
                                               :                20 Civ. 6423 (JPC)

       -v-                              :

                                             :              MEMORANDUM OPINION
CITY UNIVERSITY OF NEW YORK *et al.*,       :               AND ORDER
                                             :

                       Defendants.      :
                                             :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

       The question here is whether Plaintiff's jury demand is timely and, if it is not, whether the Court should allow an untimely demand anyway. For the reasons set forth below, the Court concludes that Plaintiff's jury demand is timely and thus grants Plaintiff's motion for a jury trial.

       Defendants removed this matter from the Supreme Court of the State of New York, New York County, on August 13, 2020.  Dkt. 1.  Defendants have not yet filed an answer to the Complaint, but the Court granted Defendants leave to file a motion to dismiss.  Dkt. 15.  Defendants motion is due by January 20, 2021.  Dkt. 17.

       On November 16, 2020, Plaintiff filed a letter-motion requesting a conference before filing a motion for a late demand for a jury trial.  Dkt. 18.  The Court denied Plaintiff's request for a conference, but set a briefing schedule for this motion.  Dkt. 22.  On December 11, 2020, Plaintiff— acting through newly retained counsel—filed a letter motion that argues that Plaintiff's jury demand "is in fact timely."  Dkt. 26 at 1.  Defendants responded, but took "no position on the timeliness of Plaintiff's request to file a jury demand."  Dkt. 27.  Plaintiff replied on December 30, 2020.  Dkt. 28.

Federal Rule of Civil Procedure 81(c)(3) governs jury demands in removed actions.  This rule outlines three different scenarios for when a party in a removed action must demand a jury.  First, if a party demanded a jury trial before the case was removed, he need not file another jury demand in federal court after removal.  Fed. R. Civ. P. 81(c)(3)(A).  This provision does not apply here because Plaintiff did not file a jury demand in state court.  *See* Dkt. 26 at 1.  Second, if "all necessary pleadings have been served at the time of removal," a party seeking a jury trial must file a demand within 14 days after he files the notice of removal or is served with the notice of removal.  Fed. R. Civ. P. 81(c)(3)(B).  This also does not apply here because Defendants did not file an answer or otherwise respond to the Complaint in state court.  *See* Dkt. 18 at 1.  Finally, Rule 81 provides that if the state law "did not require an express demand for a jury trial," a party does not have to demand a jury trial after removal unless the court orders otherwise.  Fed. R. Civ. P. 81(c)(3)(A).  Plaintiff argues that this provision applies here, Dkt. 26 at 1, but the Court disagrees.  New York law *does* require that a party demand a jury trial.  *See* N.Y. C.P.L.R. § 4102(a) ("Any party may demand a trial by jury of any issue of fact triable of right by a jury, by serving upon all other parties and filing a note of issue containing a demand for trial by jury.").  So Rule 81(c) does not answer the question before the Court.

"When, as here, a removed case does not fall under Rule 81(c), courts must look to the general rules governing jury demands in federal courts."  *Encarnacion v. Isabella Geriatric Ctr.*, No. 11 Civ. 3757 (GHW) (JCF), 2014 WL 4494160, at *1 (S.D.N.Y. Sept. 11, 2014).  Federal Rule of Civil Procedure 38 provides, in relevant part, that a party may demand a jury trial by serving the demand "no later than 14 days after the last pleading directed to the issue is served."  Fed. R. Civ. P. 38(b)(1).  Here, Defendants have not yet filed a responsive pleading to the Complaint.  Thus, Plaintiff's jury demand is timely under Rule 38.  The Court therefore need not reach whether it

would order a jury trial if Plaintiff's demand was untimely.  *See* Fed. R. Civ. P. 39(b); *Cascone v. Ortho Pharm. Corp.*, 702 F.2d 389, 392-93 (2d Cir. 1983).

For the foregoing reasons, Plaintiff's motion for a jury trial is GRANTED.  The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 26.

SO ORDERED.

Dated: January 8, 2021
      New York, New York

_____
JOHN P. CRONAN
United States District Judge