UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TARIK FELLAH

                    Plaintiff,

   - against -

CITY UNIVERSITY OF NEW YORK ("CUNY");
HUNTER COLLEGE; JOSEPH FOELSCH, Hunter
College Public Safety Director; ROBERT LYONS,
CUNY Peace Officer lieutenant, MICHELLE
MILLER, CUNY Peace Officer, and JOSE GUZMAN,
CUNY Peace Officer

                    Defendants.

20-CV-6423 (JPC)(JW)

**SETTLEMENT
AGREEMENT, GENERAL
RELEASE, AND ORDER
OF DISMISSAL**

This SETTLEMENT AGREEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL ("Settlement Agreement") is made by and between Plaintiff Tarik Fellah ("Plaintiff") and Defendant City University of New York ("CUNY" or "Defendant") as follows:

WHEREAS, HUNTER COLLEGE ("Hunter College") is not a legally cognizable entity separate and apart from CUNY, which is the sole proper institutional defendant in this action; and

WHEREAS, any reference to CUNY in this Settlement Agreement includes all agencies, departments, and subdivisions thereof, including but not limited to Hunter College; and

WHEREAS, on or about December 11, 2019, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), EEOC Charge No. 520-2020-01434 ("EEOC Charge"), with respect to which a Notice of Right to Sue letter was issued on or about March 3, 2020; and

WHEREAS, Plaintiff commenced this action by filing a complaint on or about May 26, 2020 ("the Complaint"), in New York Supreme Court, New York County, Index No. 15377/2020, alleging

claims against CUNY, Hunter College, Jennifer Raab, Joseph Foelsch, and Robert Lyons[1] under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.; the civil Rights Act of 1871, 42 U.S.C. §1981 and 42 U.S.C. § 1983; and the New York State Human Rights Law, New York Executive Law § 290, *et seq*.; and

WHEREAS, CUNY removed this Action to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and Rule 81(c) of the Federal Rules of Civil Procedure on or about August 13, 2020 (ECF No. 1); and

WHEREAS, Plaintiff filed an amended complaint in this Action on or about February 7, 2021 (the "Amended Complaint") in this Court, alleging claims against CUNY, Hunter College, Joseph Foelsch, Robert Lyons, Michelle Miller, and Jose Guzman under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.; the Civil Rights Act of 1871, 42 U.S.C. §1981 and 42 U.S.C. § 1983; the New York State Human Rights Law, New York Executive Law § 290, *et seq*., the New York City Human Rights Law, Administrative Code of the City of New York § 8-101, *et seq*.; and New York common law of negligence (ECF No. 37); and

WHEREAS, the claims and allegations in the EEOC Charge, complaint, and amended complaint, together with all related filings and proceedings, constitute "the Action"; and

WHEREAS, by Order dated September 30, 2022, the Court granted Michelle Miller's motion to dismiss with respect to Plaintiff's second, third, fifth, and sixth cause of action (ECF No. 84); and

WHEREAS, Joseph Foelsch, Robert Lyons, Jose Guzman, and Michelle Miller are referred to herein as the "Individual Defendants"; and

WHEREAS, Defendant expressly denies any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in this matter whatsoever; and

---

[1]    Robert Lyons was improperly identified as "Richard Lyons" in the Complaint.

WHEREAS, Plaintiff and Defendant desire to fully resolve the claims between them and any and all other disputes, whether known or unknown, without further litigation or proceedings before any court or other agency, and without admission of fault or liability; and

WHEREAS, no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party to this Settlement Agreement has an interest in the subject matter of the Action; and

NOW THEREFORE, in consideration of the mutual promises, covenants, representations and other consideration contained in this Settlement Agreement, Plaintiff and Defendant hereby stipulate and agree as follows:

1.     **Dismissal of the Action with Prejudice.**

The Action, and all claims asserted in it, are hereby dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 3 of this Settlement Agreement.

2.     **Dismissal of Action Against Individual Defendants.**

Simultaneously with the execution of this Settlement Agreement, counsel for Plaintiff shall execute and deliver to counsel for Defendant a stipulation and order, in the form attached hereto as Exhibit A (the "Stipulation and Order of Dismissal as Against the Individual Defendants"), dismissing with prejudice the Action and all claims in the Action against the Individual Defendants, both in their individual and official capacities, pursuant to Fed. R. Civ. P. 41(a), and without payment, attorneys' fees, costs, disbursements, or expenses to any of these parties as against the other.

3.     **Payments to Plaintiff and Plaintiff's Attorney.**

In full consideration of Plaintiff's execution of this Settlement Agreement, his agreement to be bound by its terms, and his undertakings as set forth herein, including the dismissal of the Action with prejudice and the execution of the Stipulation and Order of Dismissal as Against the Individual

Defendants, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and subject to any reservation for payment to Medicare or other liens/offsets as set for the Paragraphs 8 and 9, the State of New York and CUNY shall pay the gross sum of EIGHT HUNDRED THOUSAND DOLLARS ($800,000.00), for which the New York Office of the State Comptroller shall issue all appropriate Internal Revenue tax forms, to Plaintiff/Plaintiff's attorneys as follows:

a.     CUNY shall pay to Plaintiff the gross sum of ONE HUNDRED TWELVE THOUSAND DOLLARS ($112,000.00), for which an I.R.S. Form W-2 shall be issued, in full and complete satisfaction of any and all claims, allegations, or causes of action for lost wages, benefits, back pay, front pay, severance pay, commissions, bonuses, reimbursements, pension plan contributions, and any non-vested retirement, pension, health, or savings plan benefits, or other compensation, less all applicable withholdings, payroll deductions, and taxes. The foregoing payment shall be made payable to "Tarik Fellah" and mailed to the law offices of Stagg Wabnik Law Group, c/o Debra L. Wabnik, 401 Franklin Avenue, #300, Garden City, New York 11530.

b.     The State of New York, on behalf of CUNY, shall pay the gross sum of  FOUR HUNDRED ELEVEN THOUSAND, FOUR HUNDRED TWENTY-FIVE DOLLARS AND SEVEN CENTS ($411,425.07), for which an I.R.S. Form 1099 shall be issued, if applicable, in full and complete satisfaction of any and all claims, allegations, or causes of action for compensatory damages, including but not limited to, pain and suffering, mental and emotional anguish and trauma, damage to reputation, economic damages, punitive damages, and liquidated damages. The foregoing payment shall be made payable to "Tarik Fellah" and mailed to the law offices of Stagg Wabnik Law Group, c/o Debra L. Wabnik, 401 Franklin Avenue, #300, Garden City, New York 11530.

c. The State of New York, on behalf of CUNY, shall pay to Plaintiff's counsel, Stagg Wabnik Law Group LLP, the gross sum of TWO HUNDRED SEVENTY-SIX THOUSAND, FIVE HUNDRED SEVENTY-FOUR DOLLARS AND NINETY-THREE CENTS ($276,574.93), for which an I.R.S. Form

1099 shall be issued, if applicable, in full satisfaction of any and all claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff or Plaintiff's attorneys for any and all counsel who have at any time represented or assisted Plaintiff in the Action, or in connection with any other proceeding, administrative, judicial, or otherwise and any other claim or action arising from, related to, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action.  The foregoing payment shall be made payable to "Stagg Wabnik Law Group LLP" and mailed to the law offices of Stagg Wabnik Law Group, c/o Debra L. Wabnik, 401 Franklin Avenue, #300, Garden City, New York 11530.

4.    **State Approval of Payments.**

The payments referenced in Paragraph 3 of this Settlement Agreement are conditioned upon and subject to the approval of all appropriate state officials in accordance with N.Y. Public Officers Law § 17. Plaintiff and Plaintiff's attorneys agree to promptly execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment.

5.    **Accrual of Interest.**

In the event that the payments referenced in Paragraph 3 of this Settlement Agreement have not been made by the  one hundred twentieth  (120th) day after the receipt by the Office of the Attorney General of a "So Ordered" copy of this Settlement Agreement, entered on the docket by the Clerk of the Court, together with all other requested documentation required under Paragraphs 2, 4, 8, and 10 of this Settlement Agreement, interest on any part of the sum not paid by the end of the one hundred twentieth (120th) day shall accrue on the outstanding principal balance at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred and twenty first (121st) day after receipt of all required documentation by the Office of the Attorney General of all documentation required under Paragraphs 2, 4, 8 and 10 of this Settlement Agreement.

6.      **Liability for Taxes.**

Any taxes, or interest or penalties on taxes, on the payments referenced in Paragraph 3 of this Settlement Agreement shall be the sole and complete responsibility of Plaintiff, or his attorneys for fees paid to said attorneys. Plaintiff and his attorneys agree and acknowledge that they shall have no claim, right, or cause of action against CUNY and/or the State of New York, or any of the State's agencies, departments, divisions, officers, employees, agents, attorneys, insurers, and assigns, including but not limited to the Individual Defendants, whether in their individual or official capacities, or any of them, or all of them, on account of such taxes, interest, or penalties. Plaintiff agrees that he will defend, indemnify, and hold harmless CUNY and/or the State of New York, or its present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, and assigns, including but not limited to the Individual Defendants, whether in their individual or official capacities, or any of them, or all of them, in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such tax or interest or penalty on such tax.

7.      **Responsibility of Plaintiff for Liens and Setoffs.**

Plaintiff agrees that CUNY or the State of New York, or any of the State's agencies, departments, divisions, officers, employees, agents, attorneys, insurers, and assigns, including but not limited to the Individual Defendants, whether in their individual or official capacities, or any of them, or all of them, shall not be responsible for the satisfaction of any liens, or the payment of setoffs, deductions, or recoupments of any kind, including any and all workers' compensation, tax, Medicare, Medicaid, unemployment compensation, or child support liens, that may attach to the payments referenced in Paragraph 3 and that Plaintiff shall have no claim, right, or cause of action on account of such liens or setoffs.

8.      **Medicare Certification.**

Plaintiff represents and warrants that he is not a Medicare recipient and/or Medicare eligible, has never been on Medicare or Social Security Disability Insurance ("SSDI"), that no conditional payments have been made on his behalf by Medicare, and further that he does not expect to be Medicare eligible and/or a recipient within the next thirty (30) months following the date of this Settlement Agreement. Plaintiff agrees to deliver a fully executed and notarized Affidavit of Medicare Eligibility Status in the form annexed hereto as Exhibit B ("Medicare Affidavit") to the Office of the Attorney General. Plaintiff acknowledges and understands that receipt of this document by the Office of the Attorney General is a prerequisite to payment of the settlement amounts referenced in Paragraph 3, and that this document falls within the category of "other documentation" and "required documentation" described in Paragraphs 4 and 5 of this Settlement Agreement.

9.      **Liability of Plaintiff for Any Medicare Payments or Medicare Liens.**

Plaintiff agrees to defend, indemnify, and hold harmless CUNY or the State of New York, or any of the State's offices, agencies, departments, divisions, officers, employees, agents, attorneys, insurers, and assigns, including but not limited to the Individual Defendants, whether in their individual or official capacities, or any of them, or all of them, for any liens or past or future Medicare payments presently known or unknown in connection with the Action.  If conditional or future anticipated Medicare payments have not been satisfied, CUNY and the State of New York reserve the right to issue a multi-party settlement check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the amounts specified in Paragraph 3 of this Settlement Agreement. Upon receipt of all required documentation under Paragraphs 2, 4, 8, and 10, payment of the settlement amounts specified in Paragraph 3 shall be made in accordance with the terms set forth herein.

10.     **Plaintiff's Employment with CUNY.**

The parties agree that Plaintiff was suspended without pay on August 6, 2019, and that he has been on leave of absence-suspension since that date.  The parties agree that Plaintiff is no longer an

employee of CUNY and that his resignation is deemed effective as of the date of this Settlement Agreement. Simultaneously with the execution of this Settlement Agreement, Plaintiff shall execute and deliver to counsel for Defendant a letter of resignation, in the form attached hereto as Exhibit C (the "Letter of Resignation").

**11.    General Release in Favor of Defendant.**

For and in consideration of the payments referenced in Paragraph 3 of this Settlement Agreement and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Settlement Agreement, Plaintiff, on behalf of himself, his heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), hereby releases and forever discharges CUNY and the State of New York, together with their offices, agencies, departments, divisions, as well as their present and former officers, employees, agents, attorneys, insurers, heirs, and assigns, including but not limited to the Individual Defendants, whether in their individual or official capacities, or any of them, or all of them (collectively, "the Released Parties") from all manner of actions, proceedings, suits, grievances, injuries, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now has, or shall or may have in the future against some, any, or all of the Released Parties, related to or arising out of the acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Action or arising directly or indirectly from Plaintiff's employment or association with any of the Released Parties, including: (a) any and all claims, causes of action, grievances pursuant to any applicable collective bargaining agreement, rights, or administrative charges related to or arising out of the acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Action; (b) any and all claims, causes of action, grievances pursuant to any applicable collective bargaining agreement, rights, or administrative charges related to or arising directly or indirectly from

Plaintiff's employment or association with any of the Released Parties, including any and all claims under 42 U.S.C. §§ 1981-1988, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*, N.Y. Labor Law §§ 194, 740, and 741, N.Y. Civil Service Law § 75-b, the United States Constitution, the New York State Constitution, and the New York City Charter, and any and all claims for constructive discharge, negligence, negligent hiring, retention, or supervision, or any other common law claims; and (c) any and all other claims, causes of action, grievances pursuant to any applicable collective bargaining agreement, rights, or administrative charges for relief, whether for moneys owed, equitable relief, costs, fees, or other expenses, including attorney's fees. Plaintiff is not waiving or releasing any nonwaivable statutory protections. Plaintiff is not waiving or releasing and claims that may arise after Plaintiff executes this Settlement Agreement. Plaintiff is not waiving or releasing and claims under New York Military Law; any claims under New York Labor Law §§ 220 to 224; any unemployment benefit rights under the New York Unemployment Insurance Law. Additionally, nothing in this release prohibits Plaintiff's right to testify, assist, or participate in an investigation, hearing, or proceeding conducted by the EEOC.

**12.    No Other Action or Proceeding Commenced.**

Other than the Action, Plaintiff represents that he has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind that is still pending against the Released Parties, on his own behalf or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendant to enter into this Settlement Agreement.

13.    **Waiver of Attorneys' Lien.**

The undersigned attorneys for Plaintiff do hereby release and waive any attorneys' lien they may have on the settlement proceeds in the Action pursuant to N. Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

14.    **No Other Attorney.**

Plaintiff represents and warrants that besides the undersigned attorneys for Plaintiff, there are no other attorneys that have a lien on the settlement proceeds in the Action pursuant to the provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

15.    **No Prevailing Party.**

Neither Plaintiff nor Defendant shall be deemed a "prevailing party" for any purpose, including any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

16.    **Binding Effect on Successors and Assigns.**

The terms and conditions of this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

17.    **Authority.**

Each signatory to this Settlement Agreement hereby represents and warrants that he, she, or it has the requisite authority to enter into this Settlement Agreement, and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

18.    **Voluntary Agreement.**

Plaintiff represents that he has thoroughly discussed all aspects of this Settlement Agreement, including the General Release, with his counsel, and Plaintiff represents that he has carefully read and fully understands all of the provisions of this Settlement Agreement.  Plaintiff represents that he executes and delivers this Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that he understands its terms, contents, and effect. Plaintiff acknowledges that

he has consulted with his attorneys before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or any one acting on behalf of any party.

19.    **Negotiated Agreement.**

The parties acknowledge that each party has cooperated in the drafting and preparation of this Settlement Agreement.  The language in all parts of this Settlement Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any party.

20.    **No Admission of Liability.**

It is understood and agreed that any actions taken or payments made pursuant to this Settlement Agreement are made solely to avoid the burdens and expense of protracted litigation; that this Settlement Agreement and the actions taken pursuant hereto are not to be construed as constituting any determination on the merits of any claims in this dispute or as constituting any admission of wrongdoing or liability on the part of CUNY, the State of New York, or their present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, heirs, and assigns, including but not limited to the Individual Defendants, whether in their individual or official capacities, or any of them, or all of them, and that they expressly deny any wrongdoing or liability. Nothing contained in this Settlement Agreement shall be deemed to constitute a policy or practice of CUNY or the State of New York.

21.    **No Precedential Value.**

This Settlement Agreement shall not in any manner be construed as determinative of the issues raised in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop CUNY, the State of New York, or their present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents,

attorneys, insurers, heirs, and assigns, including but not limited to the Individual Defendants, whether in their individual or official capacities, or any of them, or all of them, in pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any defenses.

22.    **Entire Agreement.**

This Settlement Agreement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

23.    **Governing Law.**

The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law applies to the releases and waiver of federal claims pursuant to this Settlement Agreement.

24.    **Severability.**

With the exception of paragraphs 1, 2, 4, 8, 11, 12, and 15 of this Settlement Agreement, if any other provision of this Settlement Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

25.    **Headings.**

The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

26.    **Submission to the Court.**

This Settlement Agreement shall be submitted without further notice to the Court to be "So Ordered."

**27.    Counterparts.**

This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

**28.    Authority to Sign Agreement.**

The Parties and the signatories to this Agreement represent and warrant that the signatories executing this Agreement on behalf of each Party have full authority to do so and to make the representations, warranties, and agreements contained herein.

**IN WITNESS WHEREOF**, the parties hereto acknowledge that they have read this Settlement Agreement, and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day and date first above written.

**IN WITNESS WHEREOF**, the parties hereto acknowledge that they have read this Settlement Agreement, and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day and date first above written.

Dated:    Westchester , New York
          August    14    , 2023

_____
Tarik Fellah, *Plaintiff*

STATE OF NEW YORK
COUNTY OF WESTCHESTER

On August 14, 2023, before me, the undersigned, a Notary Public in and for the State of New York, personally appeared TARIK FELLAH, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his capacity, and that by his signature of the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

ANGELO J MILONE
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01MI6157149
Qualified in Westchester County
Commission Expires December 4, 2026

_____
Notary Public

Scanned with CamScanner

STAGG WABNIK LAW GROUP
*Attorneys for Plaintiff*


By: *Debra L Wabnik*
_____
Debra Wabnik, Esq.
Stagg Wabnik Law Group
401 Franklin Ave., #300
Garden City, NY 11530
(516) 812-4604

Dated: Garden City, New York
       August  \_\_14\_\_, 2023

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendant CUNY*


By: *Shaina Schwartz*
_____
Shaina L. Schwartz, Esq.
Assistant Attorney General
28 Liberty Street
New York, New York
(212) 416-8560

Dated: New York, New York
       August 17, 2023


THE CITY UNIVERSITY OF
NEW YORK

By:
_____
Nicole Donatich
Associate General Counsel
Office of the General Counsel &
Sr. Vice Chancellor for Legal Affairs
The City University of New York
205 East 42nd Street, 11th Floor
New York, New York 10017
(646) 664-9200


Dated: New York, New York

August 16, 2023

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), a plaintiff may file a stipulation of dismissal signed by all parties who have appeared to dismiss an action without a court order. *Accord* Fed. R. Civ. P. 41(a)(1)(B) (permitting stipulation of dismissal with prejudice). Accordingly, the Clerk of Court is respectfully directed to close this case.

Date: August 21, 2023
New York, New York


SO ORDERED.
_____
Hon. John P. Cronan, U.S.D.J.

Dated: _____, 2023

Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TARIK FELLAH

                        Plaintiff,

        - against -

                                                    20-cv-6423 (JPC)(JW)

CITY UNIVERSITY OF NEW YORK ("CUNY");
HUNTER COLLEGE; JOSEPH FOELSCH, Hunter
College Public Safety Director; ROBERT LYONS,
CUNY Peace Officer lieutenant, MICHELLE MILLER,
CUNY Peace Officer, and JOSE GUZMAN, CUNY
Peace Officer

                        Defendants.

## STIPULATION AND ORDER OF DISMISSAL

IT IS HEREBY STIPULATED, AGREED, and ORDERED by and between the undersigned attorneys for the parties herein that, pursuant to Fed. R. Civ. P. 41(a)(2), the above-captioned action and all claims asserted against Defendants Joseph Foelsch, Robert Lyons, Jose Guzman, and Michelle Miller in the above-captioned action are voluntarily dismissed with prejudice and without payments, attorneys' fees, costs, disbursements or expenses to any of these parties as against the other.

[signatures on following page]

Stagg Wabnik Law Group
*Attorneys for Plaintiff*

By: *Debra L Wabnik*

———————————————
Debra Wabnik, Esq.
Stagg Wabnik Law Group
401 Franklin Ave., #300
Garden City, NY 11530

Dated: Garden City, New York
        August _____14_____, 2023


Josh Bernstein P.C.
*Attorney for Defendant Michelle Miller*

By:

———————————————
Joshua Bernstein

Dated: New York, New York
        June _____, 2023

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants CUNY, Foelsch,
Lyons, and Guzman*

By:

———————————————
Shaina L. Schwartz, Esq.
Assistant Attorney General
28 Liberty Street
New York, New York

Dated: New York, New York
        June _____, 2023


SO ORDERED:

———————————————
Hon. John P. Cronan, U.S.D.J.

Dated: _____, 2023

Stagg Wabnik Law Group
*Attorneys for Plaintiff*


By:

_____
Debra Wabnik, Esq.
Stagg Wabnik Law Group
401 Franklin Ave., #300
Garden City, NY 11530

Dated: Garden City, New York
      June _____, 2023


Josh Bernstein P.C.
*Attorney for Defendant Michelle Miller*

By:

*Josh Bernstein*
_____
Joshua Bernstein

Dated: New York, New York
      ~~June _____~~, 2023
      **August 16**

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants CUNY, Foelsch,
Lyons, and Guzman*


By:

_____
Shaina L. Schwartz, Esq.
Assistant Attorney General
28 Liberty Street
New York, New York

Dated: New York, New York
      June _____, 2023


SO ORDERED:

_____
Hon. John P. Cronan, U.S.D.J.

Dated: _____ August 22 , 2023

Stagg Wabnik Law Group
*Attorneys for Plaintiff*

By: _____

Debra Wabnik, Esq.
Stagg Wabnik Law Group
401 Franklin Ave., #300
Garden City, NY 11530

Dated: Garden City, New York
        June _____, 2023

By: _____

Josh Bernstein P.C.
*Attorney for Defendant Michelle Miller*

Joshua Bernstein

Dated: New York, New York
        June _____, 2023

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants CUNY, Foelsch,
Lyons, and Guzman*

By: *Shaina Schwartz*
    _____

Shaina L. Schwartz, Esq.
Assistant Attorney General
28 Liberty Street
New York, New York

Dated: New York, New York
        August 17, 2023

SO ORDERED:

Dated: _____, 2023

Hon. John P. Cronan, U.S.D.J.

Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TARIK FELLAH | |
| Plaintiff, | 20-cv-6423 (JPC)(JW) |
| - against - | **PLAINTIFF'S AFFIDAVIT REGARDING MEDICARE** |
| CITY UNIVERSITY OF NEW YORK ("CUNY"); HUNTER COLLEGE; JOSEPH FOELSCH, Hunter College Public Safety Director; ROBERT LYONS, CUNY Peace Officer lieutenant, MICHELLE MILLER, CUNY Peace Officer, and JOSE GUZMAN, CUNY Peace Officer | |
| Defendants. | |

STATE OF NEW YORK          )
                          ) ss.:
COUNTY OF                 )

Tarik Fellah, being duly sworn, deposes and says:

1.      I am the plaintiff in the above-entitled action and I reside at [**address**], and my telephone

number is [**number**].

2.      I am making this affidavit with full knowledge that the same will be relied upon by the State of

New York, its agents, employees and representatives ("OAG") in connection with settlement of this

action against CUNY, specifically as it relates to the OAG's obligations as to Medicare compliance

primarily pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007

("MMSEA") and the Medicare Secondary Payer Act ("MSP").  I understand that a query will be or has

been made to verify my current Medicare eligibility status.

3.      I hereby acknowledge and understand that as mandated by the Centers for Medicare and

Medicaid Services ("CMS") and promulgated by and through its rules and regulations including but

not limited to the MMSEA or MSP, I am required to:

a.      reimburse Medicare for *conditional payments* it has made from the settlement herein; or

b.      utilize the settlement proceeds to pay for future medical expenses, when necessary.

4.      I further acknowledge that the information provided herein will be relied upon by defendant

and OAG as true and accurate and, when applicable, will be used for reporting pursuant to the

MMSEA or as deemed necessary or required by the defendant and OAG.

5.      I hereby agree to promptly provide the OAG with any and all information necessary and

required for its reporting pursuant to MMSEA .

### PEDIGREE INFORMATION

6.      I have been known by (include all alias name(s), former name(s) maiden name(s)) the

following names: _____. I hereby acknowledge that I can be identified by this/these

name(s) and all these names are indeed referring to me.

7.      I consent to OAG verifying my current Medicare eligibility for purposes of its compliance with

MMSEA.  I affirm:

     a.      my social security number is [**Social Security Number**];
     b.      my date of birth is [**Date of Birth**]; and
     c.      my gender is male.

### CURRENT MEDICARE ELIGIBILITY
*🖉 Initial and affirm applicable current Medicare eligibility status 🖉*

8.      As of the date of this affidavit:

     a.      🖉_____      I am not currently eligible for Medicare coverage and/or benefits nor
have I ever received Medicare coverage and/or benefits;

**OR**

     b.      🖉_____      I am a Medicare beneficiary and my Medicare number [HIC #] is
_____.  I am aware of my obligation to reimburse Medicare, as
well as any Medicare Part C Plan (also referred to as Medicare Advantage Plans, Medi-
Gap Plans), (collectively hereinafter referred to as "Medicare") for payments or benefits
that I received directly or indirectly from Medicare for medical expenses for injuries
that were the subject of this action.  I understand that reimbursement directly to
Medicare may be made from proceeds I receive from the settlement of this action; and

       i.      🖉_____      Medicare has confirmed that no payment is due and owing from
the total proceeds of the above-captioned litigation. *(**Attach copy of Medicare's
Conditional Payment letter or Final Demand Letter)**; or*

ii.  ✎_____  Medicare has confirmed that it will accept the total amount of $_____ as full and final reimbursement of all Medicare payments made to date. ***(Attach copy of Medicare's Conditional Payment Letter and/or Final Demand Letter)***. In accordance with the attached Medicare letter, I consent to the payment of that sum directly from the total proceeds of the above-captioned litigation; or

**iii.**  ✎_____  I am awaiting a Conditional Payment Letter and/or Final Demand Letter or equivalent information from Medicare. Upon my receipt of the necessary documentation, I will promptly provide it to Shaina Schwartz and to OAG's Medicare Compliance Unit via email at Medicare.Compliance@ag.ny.gov. I agree that no interest or penalty will be assessed or demanded by me or on my behalf against the OAG for any delay in payment pursuant to the terms and conditions of the settlement in the above-captioned litigation prior to OAG's receipt of any and all necessary documentation from me issued by Medicare (including but not limited to Medicare's Conditional Payment Letter or Final Demand Letter). In accordance with Medicare's Conditional Payment Letter or Final Demand Letter, I consent to the payment of that sum directly from the total proceeds of the above-captioned litigation.

## FUTURE MEDICARE ELIGIBILITY
*✎ Initial and affirm applicable future Medicare eligibility status ✎*

9.    As of the date of this affidavit:

a.    ✎_____  I do not expect to be Medicare eligible within 30 months of the date of this affidavit and as of the date of the settlement of the above-captioned litigation. I affirm that I:
   i.    have not applied for Social Security Disability Insurance (SSDI);
   ii.    have not been denied SSDI and anticipating appealing that decision;
   iii.    am not in the process of appealing or re-filing for SSDI;
   iv.    am not 62.5 years or older; and
   v.    do not have End Stage Renal Disease (a qualifying condition for Medicare);

### OR

b.    ✎_____  I am not current a Medicare beneficiary. However, I anticipate that I will be Medicare eligible within 30 months of the date of this affidavit and the date of the settlement of the above-captioned litigation; and

   i.    ✎_____  I do not require any future treatment for injuries that are the subject of this action. The required certification(s) for the injuries alleged in the complaint is attached. The attached certification attests that there is no anticipated future treatment required for the injuries sustained in the within action; or

ii.     ✎_____     I do require future treatment for the injuries that are the subject of this action.  In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable from the total proceeds of the above-captioned litigation. I affirm this sum will be used for the medicals expenses relating to the injuries of this action; or

iii.     ✎_____     I have not sought treatment for the injuries alleged in this case and, as such, there are no medical expenses relating to the injuries alleged herein.  Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this action.  I understand and agree should I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from this agreement to pay for any medical expenses relating to such injuries.

**OR**

c.     ✎_____     I am currently a Medicare beneficiary and

i.     ✎_____     I do not require any future treatment for injuries that are the subject of this action.  The required certification(s) for the injuries alleged in the *complaint* is attached.  The attached certification attests that there is no anticipated future treatment required for the injuries sustained in the within action; or

ii.     ✎_____     I do require future treatment for the injuries that are the subject of this action.  In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable from the total proceeds of the above-captioned litigation. I affirm this sum will be used for the medicals expenses relating to the injuries of this action; or

iii.     ✎_____     I have not sought treatment for the injuries alleged in this case and, as such, there are no medical expenses relating to the injuries alleged herein.  Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this action.  I understand and agree should I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from this agreement to pay for any medical expenses relating to such injuries.

_____

Sworn to before me this
_____ day of _____, 2023.

_____
     NOTARY PUBLIC

Exhibit C

Michelle Blackman, Esq.
Director of Employee Relations
Office of Human Resources
Hunter College
695 Park Avenue, E1502
New York, New York 10065

August _14_, 2023

Dear Ms. Blackman,

      This letter constitutes my formal resignation as a Campus Security Assistant at Hunter College, the City University of New York, effective August 14 2023.

Regards,

Tarik Fellah

Sworn to before me this
_14_ day of August, 2023.

NOTARY PUBLIC

ANGELO J MILONE
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01MI6157149
Qualified in Westchester County
Commission Expires December 4, 2026

Scanned with CamScanner